**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| IN RE SATURN L-SERIES TIMING CHAIN PRODUCTS LIABILITY LITIGATION  _____  This document relates to: ALL ACTIONS (8:07cv298, 8:08cv78, 8:08cv79), _____ | MDL NO. 1920  ORDER CERTIFYING QUESTION TO THE NORTH CAROLINA STATE SUPREME COURT |

The United States District Court for the District of Nebraska certifies the following question of state law to the Supreme Court of North Carolina:

Is a plaintiff's claim under the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA"), N.C. Gen. Stat. § 75-1.1, <u>et seq.</u> barred by North Carolina's common law Economic Loss Rule when the plaintiff's damages are limited to the economic loss resulting from damage to the product itself?

It appears to the Court that this issue of North Carolina state law may be determinative of this litigation, and there is no clear controlling North Carolina state law precedent.[1]

---

[1] The only existing authority to guide this Court in its interpretation of North Carolina state law consists of a footnote in one unpublished Superior Court decision and one judge's dissent in a Court of Appeals decision. In the Superior Court's unpublished opinion, the court held that "[t]he 'economic loss' rule prohibits the purchaser of a defective product from using tort law to recover economic losses." The court then stated in a footnote that to allow for recovery "under the NCUPPTA would also eviscerate the contract/warranty system and the economic loss rule." *Coker v. Daimler Chrysler Corp.*, 2004 WL 3276, at *1, n.3 (N.C. Super. Ct. Jan. 5, 2004). The North Carolina Court of Appeals, however, declined to address the question of the application of the Economic Loss Rule, holding "that plaintiffs lack standing to assert either fraud or unfair and deceptive trade practices claims." *Coker v. Daimler Chrysler Corp.*, 172 N.C. App. 386, 398 (N.C. Ct. App. 2005). *Cf. id.* at 406-07 (Hudson, J., dissenting)("The rule has generally been used to bar only tort claims; most courts have held that the economic loss rule does not apply to UDAP [UDTPA] claims. UDAP claims are exempt from the economic loss rule because the rule is judicial, not legislative, and must give way to specific legislative policy pronouncement allowing damages for economic loss.").

Furthermore, the issue presented for certification is likely to recur in the future if left unresolved by the North Carolina Supreme Court. Because the decision regarding the application of North Carolina's Economic Loss Rule to recovery under the NCUDTPA directly affects the public interest in North Carolina, the issue is properly presented to the North Carolina Supreme Court for certification. Pending determination by the North Carolina Supreme Court as to whether or not it will accept for review the certified question,

IT IS ORDERED:

The clerk of this court is hereby directed to transmit forthwith to the North Carolina State Supreme Court, under the official seal of the United States District Court for the District of Nebraska, a copy of this order.

DATED this 9th day of September, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge