# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE SATURN L-SERIES TIMING CHAIN | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | MDL No. 1920 |
| | ) | |
| This document relates to ALL ACTIONS. | ) | 8:07CV298 |

## CONFIDENTIALITY ORDER

**IT IS ORDERED** that the parties' joint motion for a confidentiality order is granted, as follows:

1.  In connection with discovery proceedings in this action, any party or non-party may designate any document, thing, material, portion of transcripts or videotapes of depositions or other testimony, or other information derived therefrom, or responses to discovery (including interrogatories, requests to admit, requests for production, and subpoenas), as "Confidential Information." As used herein, "Confidential Information" means: trade secrets or other confidential business research, development, or commercial information or other private information that the designating party or non-party believes to be of proprietary business, financial or technical in nature and not readily available to competitors, potential competitors, and/or other non-parties.

2.  Confidential Information in the form of documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all the pages of the document as "CONFIDENTIAL," unless otherwise indicated by the designating party. Any magnetic or digital media (e.g., videotape, magnetic tape, computer disk, CD, DVD, etc.) containing Confidential Information shall be labeled with a "CONFIDENTIAL" legend.

3.  Material designated as "CONFIDENTIAL" under this Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or in part from material designated as "CONFIDENTIAL" shall be used solely for purposes of this action. The Court specifically prohibits any party to this action, or their counsel, from producing or communicating any Confidential Information of another party to anyone other than a "Qualified Person" under the terms of this Order. A party, however, may use its own Confidential Information for any purpose.

4. To the extent Confidential Information includes information regarding, or could be used to obtain information regarding, a putative class member's address, telephone number, or other identifying information, such confidential information will not be used to directly or indirectly contact the individual concerning in any manner this litigation, except with the explicit approval of the Court.

5. In the event any part or non-party in this action produces its files and records and the inspecting party desires to inspect them, no confidential designation need be made by the parties in advance of said inspection. For purposes of the inspection, all material produced shall be considered as having been designated "CONFIDENTIAL." Thereafter, upon selection of specified material by the inspecting party for copying, the producing part shall mark as "CONFIDENTIAL" the Confidential Information it desires to be subject to this Order.

6. The inadvertent or unintentional disclosure of documents or things that contain:

a. Confidential Information without their being designated as "CONFIDENTIAL" at the time of production or disclosure shall not constitute a waiver of the disclosing party's claim of confidentiality or right to designate as "CONFIDENTIAL" such materials, or any other documents or deposition testimony if, within 30 days of disclosure, the disclosing party or non-party gives notice of its intention to designate the previously disclosed materials as "CONFIDENTIAL." Upon giving such notice, the designating party or non-party shall provide the party to whom the documents or things were produced with a new set of such materials, properly designated as "CONFIDENTIAL." The receiving party shall then destroy all copies of the marked materials that were inadvertently not marked "CONFIDENTIAL."

b. Information protected by the attorney-client privilege, work product doctrine, or other applicable privileges, shall not constitute a waiver of such protections. All copies of privileged or otherwise protected materials that are identifiable by the receiving party as privileged or protected - whether so labeled or not - shall be immediately returned to the producing party upon such identification by the receiving party. Likewise, upon written notification of the inadvertent disclosure of privileged or protected materials by the

producing party, the receiving party shall immediately return such materials to the producing party.

7.     Deposition testimony that counsel for the party or non-party tendering such testimony, in good faith, believes contains Confidential Information shall be designated as "Confidential" by such counsel by making a statement for inclusion in the deposition transcript and, within thirty (30) calendar days after receipt of the transcript, by such counsel designating by page and line, the Confidential Information contained in the deposition transcript by means of a "CONFIDENTIAL" stamp or legend. When Confidential Information is designated in a deposition transcript, the counsel making the designation shall instruct the reporter to imprint the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" on the cover page of the transcript and to include, at the front of the transcript, a page identifying all pages and lines designated "CONFIDENTIAL" in the transcript.

8.     Any party to whom Confidential Information is produced or disclosed may object at any time to the "CONFIDENTIAL" designation. The objection shall be made in writing to counsel for the designating party or non-party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the written objection, the designating party or non-party shall move the Court to confirm the "CONFIDENTIAL" designation. Any opposition to such motion shall be filed within ten (10) business days of the filing of such motion:

    a.     In the event that a motion to confirm a "CONFIDENTIAL" designation is made in a timely manner, the document or information whose designation is objected to shall continue to be treated as Confidential Information until the motion has been decided by the Court; and

    b.     In the event that a motion to confirm a "CONFIDENTIAL" designation is denied, the designating party or non-party shall cause the "CONFIDENTIAL" legend to be removed from such documents and shall produce non-stamped documents within ten (10) business days following entry of the Court's order.

9. Except as previously stated, Confidential Information produced pursuant to this Order may be disclosed or otherwise made available only to the Court (including Court employees or any Magistrate or Special Master appointed by the Court, and any of his or her staff, to court reporters transcribing testimony given in this action, to counsel for a party or non-party (including any parent, subsidiary or affiliate of a party or non-party) to this action (including in-house and outside counsel and the paralegal, clerical, and secretarial staff employed by such counsel), and to "Qualified Persons" defined below:

    a. A named party to this action or a past or present officer, director, or employee of a named party to this action deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

    b. outside photocopying or digital reproduction services;

    c. non-testifying or testifying experts (including employee and support staff retained by counsel for a named party to this action); and

    d. potential, anticipated or actual fact witnesses who counsel for the disclosing party believes in good faith is likely to have knowledge pertaining to the content of the Confidential Information to be disclose to such witnesses.

10. Prior to the disclosure of Confidential Information to any Qualified Persons detailed in paragraphs 9(c) or 9(d), each Qualified Person defined in paragraphs 9(c) or 9(d) shall be first presented by the disclosing party with a copy of this Order and shall execute a Nondisclosure Agreement in the form attached hereto, agreeing to be bound by the terms of this Order.  All such persons shall be bound by the terms of this Order, and shall not disclose or permit disclosure of the documents or the information contained therein other than pursuant to the terms of this Order. Counsel for any party receiving Confidential Information and disseminating same shall maintain all executed Nondisclosure Agreements.

11. If Confidential Information, including any portion of a deposition transcript designated as "CONFIDENTIAL," is included in any papers to be filed in the Court or used in any deposition,

hearing or legal proceeding in this action, such papers shall be filed under seal in accordance with Local Rule 7.5 (NECivR 7.5) of the United States District Court for the District of Nebraska.

12.     In the event that any Confidential Information is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using such Confidential Information shall take all reasonable steps to maintain its confidentiality during such use.

13.     Nothing herein shall prevent any party or non-party who has received Confidential Information pursuant to this Order from producing such Confidential Information in response to a lawful subpoena or other compulsory process, provided, however, that any party or non-party receiving such subpoena or process shall: (i) give written notice thereof to the designating party or non-party by facsimile as soon as reasonably practical and furnish the designating party or non-party with a copy of the subpoena or other compulsory process so as to afford the designating party a reasonable opportunity to seek a protective order; and (ii) not produce such Confidential Information prior to receiving a court order or the consent of the designating party or non-party, if application for a protective order is made promptly before the return date.

14.     The Court retains continuing jurisdiction subsequent to any settlement or entry of judgment to enforce the terms of the Order.  This Order shall survive the final termination of this action, to the extent that the Confidential Information is not or does not become known to the public. Within thirty (30) days upon termination of this action (whether by judgment, settlement or otherwise) including any appeals, counsel for all parties shall destroy all documents, material and transcripts designated as "CONFIDENTIAL" and all copies of same.  Destruction of such documents, material and transcripts shall be acknowledged in writing to the designating party or non-party. To the extent that documents, material and transcripts designated as "CONFIDENTIAL" are disseminated to Qualified Persons defined in paragraphs 9(c) and 9(d), such Qualified Persons shall confirm in writing to the counsel that disseminated such documents, material and transcripts to such Qualified Persons that all documents, material and transcripts designated as "CONFIDENTIAL" have been destroyed.  Once disseminating counsel has received written confirmation of destruction from each Qualified Person to whom he or she disclosed documents, material and transcripts designated as "CONFIDENTIAL," disseminating counsel shall so inform

in writing each designating party or non-party whose Confidential Information was disseminated to such Qualified Persons that the Qualified Persons identified in Paragraph 9(c) and 9(d) have confirmed such destruction.

15.   Neither the agreement to, or the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be interpreted as a waiver of any claim or position or defense in this action, or any other action. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any document or information, or of any right that any party may have to assert such privilege at any stage of the proceeding.

16.   Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.  Nothing contained in this Order shall affect the right, if any, of any part to make any other type of objection, claim, or other response to any discovery request or deposition question.

17.   This Order may be modified only by further order of the Court or by written stipulation of the parties.

18.   During the pendency of this action, all parties are to comply with their respective obligations under the Federal Rules of Civil Procedure regarding the preservation of documents and electronically stored information.

19.   All notices given by counsel for one party or non-party to counsel for any other party or non-party under this Order shall be delivered by hand, by facsimile, or by overnight mail.

**DATED March 30, 2009.**

                                    **BY THE COURT:**

                                    **s/ F.A. Gossett**
                                    **United States Magistrate Judge**

## NONDISCLOSURE AGREEMENT

I, _____, swear or affirm that I have reviewed and am familiar with the terms of the Confidentiality Order in ***In Re Saturn L-Series Timing Chain Products Liability Litigation*, MDL No. 1920**, United States District Court for the District of Nebraska, and hereby agree to comply with and be bound by the terms and conditions of said Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

_____