IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE SATURN L-SERIES TIMING CHAIN | ) | MDL No. 1920 |
| | ) | |
| PRODUCTS LIABILITY LITIGATION | ) | 8:07CV298 |

### AMENDED ORDER FOR INITIAL PROGRESSION OF CASE

For good cause shown,

**IT IS ORDERED** that the parties' Joint Motion for Continuance of Progression Order Deadlines is granted, and the Initial Progression Order is amended as follows:

1. **Authorization and Sequence of Discovery.** The parties may commence discovery. That discovery required to prepare **motions for class certification** shall be conducted before other discovery.

2. **Mandatory Disclosures**. The parties have already exchanged the information required by Fed. R. Civ. P. 26(a)(1).

3. The **filing of disclosures** under Fed. R. Civ. P. 26(a)(1), and (2), as well as the filing of discovery documents, depositions, and disclosures required by this order shall be governed by NECivR 26.1. Disclosures required by Fed. R. Civ. P. 26(a)(3) shall be filed when served. **Note: Disclosures that are filed should be redacted so no personal information (e.g., home addresses, phone numbers, Social Security numbers, etc.) is made part of the public record.**

4. **Withholding Documents from Disclosure or Discovery.** If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of

its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

5. **Limits on Discovery.** At this time, each party is limited to serving **fifty (50) interrogatories** on any other party. The plaintiffs as a group, and the defendants as a group, are each limited to taking **ten (10) depositions** in this case, without leave of court.

6. **Discovery Deadlines:**

a. **Deposition Deadline *(Class Certification Only)*.** All depositions conducted pursuant to paragraph 5, above, shall be completed by **November 27, 2009.**

b. **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before **November 27, 2009.** Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; any request to extend the deadlines of this order shall be sought by motion.

c. **Discovery Motions.** Discovery motions shall be filed not later than **November 11, 2009**, as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline. Counsel are reminded of the provisions of NECivR 7.1(I).

7. **Expert Witnesses**. The plaintiffs shall, as soon as practicable but no later than **September 14, 2009**, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness whose testimony or reports will be used in support of the plaintiffs' motion for class certification. The defendants shall serve their Rule 26(a)(2) statements of the expert witnesses whose testimony or reports will be used in opposition to the plaintiffs' motion for class certification as soon thereafter as practicable, but not later than **July 31, 2009.**

8.  **Class Certification; Briefing Schedule.**  Plaintiffs shall file their motion for class certification on or before **December 30, 2009.**  Defendants shall file their response no later than **January 30, 2010**, and plaintiffs are given until **March 1, 2010** to file their reply brief.

9.  **Motions to alter dates**.  All requests for changes of deadlines established by this order shall be directed to the magistrate judge by appropriate motion.

DATED April 27, 2009.

BY THE COURT:

s/ F.A. Gossett
**United States Magistrate Judge**